USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -v.-

DMITRI JEGOROV,

            Defendant.

- - - - - - - - - - - - - - - - - - X

CONSENT PRELIMINARY
ORDER OF FORFEITURE/
MONEY JUDGMENT

S2 11 Cr. 878 (LAK)

      WHEREAS, on or about November 1, 2011, DMITRI JEGOROV (the "defendant") was charged, among others, in a twenty-seven-count Superseding Indictment (the "Indictment") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit computer intrusion, in violation of Title 18, United States Code, Section 1030(b) (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); computer intrusion furthering fraud, in violation of Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A), and 2 (Count Four); and computer intrusion by transmitting data, in violation of Title 18, United States Code, Sections 1030 (a)(5)(A), (c)(4)(A)(i)(I), and (VI), (c)(4)(B)(i) and 2 (Count Five);

      WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28, United States Code, Section 2461, of

all property real or personal, which constitutes and is derived from proceeds traceable to the offenses;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two, Four and Five, seeking the forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting, and derived from, proceeds obtained directly and indirectly as a result of the offenses;

WHEREAS, the Indictment included a second forfeiture allegation as to as to Counts Two, Four and Five, seeking the forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i)(1), of their interests in any personal property that was used and intended to be used to commit and to facilitate the commission of the offenses;

WHEREAS, on March 9, 2015, the defendant pleaded guilty before the Honorable James C. Francis IV, United States Magistrate Judge for the Southern District of New York, to Counts One and Two of the Indictment and admitted the forfeiture allegations as to Counts One and Two, pursuant to a plea agreement with the Government wherein the defendant agreed to forfeit the following:

1. A sum of money equal to $1,000,000 in United States currency (the "Money Judgment"); and

2. All right, title and interest of the defendant in the following specific property:

a.  Any and all United States currency, funds or other monetary instruments credited to the following accounts:

   i. Nordea Bank Danmark A/S Account Nos. DK3520005036250625 and DK3520005036246059, in the name of Furox Aps;

   ii. Bank of Cyprus Account No. CY27002001550000004061626106, for the benefit of Onwa Limited;

   iii. Bank of Cyprus Account No. CY38002001550000004046807606, for the benefit of Lintor Limited;

   iv. Bank of Cyprus Account Nos. CY66002001550000004081187006, CY72002001550000000113088200, and CY20002001550000004081188901, for the benefit of Danona Limited;

   v. Marfin Popular Bank in Cyprus Account Nos. CY50003001680000016832019961 and CY08003001680000016811019441, for the benefit of Lex Capital Ltd;

   vi. Marfin Popular Bank in Cyprus Account No. CY92003001790000017932264691, for the benefit of Onwa Limited;

   vii. Interactive Brokers LLC in the United States Account Nos. U565997 and U595413, in the name of Lex Capital Limited;

   viii. Sampo Bank in Estonia Account No. EE063300333436290009, in the name of Onwa Limited;

   ix. Vorarlberger Landes in Austria, Account No. AT755800020497851018, for the benefit of Lintor Limited; and

   x. BMI Offshore Bank in the Republic of Seychelles Account No. 300000005588, in the name of Onwa Limited;

3

b.  The defendant's interest in all computers and computer peripherals that, as of November 1, 2011, were:

i.  associated with IP addresses 85.255.112.0 through 85.255.127.255; 67.210.0.0 through 67.210.15.255; 93.188.160.0 through 93.188.167.255; 77.67.83.0 through 77.67.83.255; 213.109.64.0 through 213.109.79.255; 64.28.176.0 through 64.28.191.255; 69.197.132.58; 72.233.76.82; 174.123.205.190; 174.133.7.122; 184.82.214.2; 216.127.191.66; 64.20.51.2; 65.60.9.234; 65.60.9.235; 65.60.9.236; 65.60.9.237; 65.60.9.238; 66.152.177.58; 72.18.192.58; 72.18.192.59; 72.18.192.60; 72.18.192.61; 72.233.76.66; 72.233.76.67; 72.233.76.68; 72.233.76.69; 72.233.76.70; 65.254.36.122; 65.254.50.10; 72.9.238.202; 75.127.76.194; 207.210.119.170; 216.180.243.10; 64.111.197.186; 66.230.167.218; and 69.93.95.234;

ii. located at the Pilosoft, Inc., in New York, New York;

iii. located at the Colosecure, Inc., in Chicago, Illinois;

iv. located at ThePlanet in Houston, Texas;

v.  located at Multacom Corporation in Canyon County, California;

vi. located at Layered Technologies in Plano, Texas;

vii. located at Network Operations Center, Inc. in Scranton, Pennsylvania;

viii. located at Wholesale Internet in Kansas City, Missouri;

ix. located at SingleHop in Chicago, Illinois;

x.  located at PremiaNet in Las Vegas, Nevada;

    xi. located at Interserver in Secaucus, New Jersey;

    xii. located at ISPrime, LLC, in Weehawken, New Jersey;

    xiii. located at Global Net Access LLC, in Atlanta, Georgia; and

  c. the IP addresses listed in paragraph 2.b.i. above;

(2.a through 2.c collectively, the "Subject Property").

WHEREAS, on March 25, 2015, this Court accepted the defendant's guilty pleas to Counts One and Two of the Indictment;

WHEREAS, the defendant consents to the forfeiture of all of his right, title, and interest in the Subject Property and to the Money Judgment, representing the amount of proceeds obtained as a result of the offense alleged in Counts One through Five of the Indictment;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6), of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Sarah Y. Lai, of counsel, and the defendant, and his counsel, Anthony Strazza, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pleaded guilty, a Money Judgment in the amount of $1,000,000 shall be entered against the defendant, as part of his criminal sentence joint and several with his co-defendants with any such obligation.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, this Order is final as to the defendant, DMITRI JEGOROV, and shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3. Upon execution of this Consent Preliminary Order Of Forfeiture/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or its designee) shall be authorized to deposit the payments on the

Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, and made payable, in this instance to the United States Marshals Service (or its designee), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

5. All of the defendant's right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

6. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control.

7. The defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Subject Property and will

not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Subject Property to the United States, including, but not limited to, the execution of all necessary documentation.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Subject Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest

in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States

Attorney Alexander Wilson, One St. Andrew's Plaza, New York, New York 10007.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____  3/6/2015
    SARAH Y. LAI                     DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1944


DEFENDANT

By: _____  3/9/15
    DMITRI JEGOROV                   DATE

By: _____  3/9/15
    ANTHONY STRAZZA, ESQ.            DATE

SO ORDERED:

_____  3/x/15
HONORABLE LEWIS A. KAPLAN       DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

10